UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE on behalf of herself and her minor child SARAH DOE,<br><br>        Plaintiff,<br><br> vs.<br><br>FRANKLIN SQUARE UNION FREE SCHOOL DISTRICT, and HOWARD ZUCKER, in his official capacity as Commissioner of the New York State Department of Health,<br><br>        Defendants. | Docket No. 21-CV-5012<br>(FB)(SIL) |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF FRANKLIN SQUARE UNION FREE SCHOOL DISTRICT'S MOTION TO DISMISS THE COMPLAINT

                 SOKOLOFF STERN LLP
                 *Attorneys for Defendant*
                 *Franklin Square UFSD*
                 179 Westbury Avenue
                 Carle Place, New York 11514
                 (516) 334-4500
                 File No. 210142

Of Counsel:
  Adam Kleinberg
  Chelsea Weisbord

TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... II

ARGUMENT ............................................................................................................................ 1

    I. Plaintiff's Equitable Claims Are Moot ................................................................. 1

    II. Plaintiff Abandoned Her Claims Under The Separation Of Powers Doctrine And The New York State Constitution ................................................................. 1

    III. The Supremacy Clause Claim Should Be Dismissed ........................................... 2

    IV. The Court Should Dismiss The § 1983 Substantive Due Process Claim ............ 3

    V. The Court Should Dismiss Plaintiff's Failure To Accommodate Claims Under The ADA And Section 504 Of The Rehabilitation Act ....................................... 8

    VI. The Court Should Dismiss Plaintiff's NYSHRL Claims Based On Her Failure To Serve A Notice Of Claim ............................................................................... 10

TABLE OF AUTHORITIES

**Cases** **Page(s)**

*A.M. Ex Rel. J.M. v. NYC Dep't of Educ.*,
  840 F. Supp. 2d 660 (E.D.N.Y. 2012) ................................................................................ 9

*Ameur v. Gates*,
  759 F.3d 317 (4th Cir. 2014) ............................................................................................. 7

*Armstrong v. Exceptional Child Ctr., Inc.*,
  575 U.S. 320 (2015) .......................................................................................................... 2

*Bertuzzi v. Copiague Union Free Sch. Dist.*,
  2020 WL 5899949 (E.D.N.Y. Mar. 9, 2020) .................................................................. 10

*Bridges v. Houston Methodist Hosp.*,
  543 F. Supp. 3d 525 (S.D. Tex. 2021) ............................................................................... 3

*Carver v. City of N.Y.*,
  621 F.3d 221 (2d Cir. 2010) .............................................................................................. 1

*Dean v. Blumenthal*,
  577 F.3d 60 (2d Cir. 2009) ................................................................................................ 1

*Doe v. Franklin Square Union Free Sch. Dist.*,
  2021 WL 4957893 (E.D.N.Y. Oct. 26, 2021) ......................................................... 2, 3, 5, 6

*Doe v. Zucker*,
  2021 WL 619465 (E.D.N.Y. Oct. 26, 2021) ..................................................................... 5

*Donohue v. Hochul*,
  2022 WL 673636 (S.D.N.Y. Mar. 7, 2022) ................................................................... 2, 6

*Eklecco Newco LLC v. Town of Clarkstown*,
  2019 WL 2210798 (S.D.N.Y. May 21, 2019) ................................................................... 7

*Fry v. Napoleon Cmty. Sch.*,
  137 S. Ct. 743 (2017) ........................................................................................................ 8

*Immediato v. Rye Neck Sch. Dist.*,
  73 F.3d 454 (2d Cir. 1996) ................................................................................................ 6

*Koontz v. St. Johns River Water Mgmt. Dist.*,
  570 U.S. 595 (2013) .......................................................................................................... 7

*Lillbask Ex Rel. Mauclaire v. State of Conn. Dep't of Educ.*,
   397 F.3d 77 (2d Cir. 2005) .................................................................................................. 1

*Marcavage v. City Of New York*,
   689 F.3d 98 (2d Cir. 2012) .................................................................................................. 1

*Martinez v. New York City Dep't of Educ.*,
   2018 WL 4054872 (E.D.N.Y. Aug. 24, 2018) ................................................................... 8

*Morales v. City Of New York*,
   752 F.3d 234 (2d Cir. 2014) ................................................................................................ 8

*Open Soc'y Int'l, Inc. v. U.S. Agency For Int'l Dev.*,
   651 F.3d 218 (2d Cir. 2011) ................................................................................................ 7

*Patrick v. Success Acad. Charter Sch., Inc.*,
   354 F. Supp. 3d 185 (E.D.N.Y. 2018) ................................................................................ 9

*Peritz v. Nassau Cnty. Bd. Of Coop. Educ. Servs.*,
   2019 WL 2410816 (E.D.N.Y. June 7, 2019) .................................................................... 10

*Peterson v. New York City Dep't of Educ.*,
   2020 WL 2559835 (E.D.N.Y. May 20, 2020) .................................................................. 10

*Planned Parenthood of Se. Pennsylvania v. Casey*,
   505 U.S. 833 (1992) ............................................................................................................ 5

*Stinnett v. Delta Air Lines, Inc.*,
   278 F. Supp. 3d 599 (E.D.N.Y. 2017) ................................................................................ 1

*Zehner v. Trigg*,
   133 F.3d 459 (7th Cir. 1997) .............................................................................................. 7

**Statutes**

20 U.S.C. § 1415 ........................................................................................................................... 8

**Regulations**

21 C.F.R. § 50.1 ........................................................................................................................ 3, 4

## ARGUMENT

### I. PLAINTIFF'S EQUITABLE CLAIMS ARE MOOT[1]

Article III of the Constitution limits the Court's jurisdiction to "cases and controversies." *See Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005). "To establish standing to obtain prospective relief," *e.g.*, declaratory relief or injunctive relief, "a plaintiff must show a likelihood that he will be injured in the future." *Carver v. City of N.Y.*, 621 F.3d 221, 228 (2d Cir. 2010). "That is, a plaintiff must demonstrate a certainly impending future injury," and, to do so, "a plaintiff cannot rely solely on past injuries; rather, the plaintiff must establish how he or she will be injured prospectively and that injury would be prevented by the equitable relief sought," *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012). "When the issues in dispute between the parties 'are no longer live,' a case becomes moot" and the Court loses jurisdiction. *See Lillbask ex rel.*, 397 F.3d at 84 (citation omitted); *Dean v. Blumenthal*, 577 F.3d 60, 64 (2d Cir. 2009) (courts lack subject matter jurisdiction over cases rendered moot).

Here, Plaintiff's challenge to the NYSDOH's regulations imposing a mask requirement in schools—and the school districts' enforcement of that mask requirement— is moot because the NYSDOH lifted the mask mandate for schools on March 2, 2022 (Ex. U). This allowed the District to immediately enact a mask-optional policy (Ex. V). Accordingly, the Court should dismiss Plaintiff's claims for declaratory and injunctive relief.

### II. PLAINTIFF ABANDONED HER CLAIMS UNDER THE SEPARATION OF POWERS DOCTRINE AND THE NEW YORK STATE CONSTITUTION

"A plaintiff abandons a claim where [she] raises it in the complaint but remains silent on the issue elsewhere in the record." *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 614

---

[1] While the District recognizes parties are generally unable to raise new arguments for the first time on reply, in this instance it is necessary. The District served plaintiff with its moving papers on February 16, 2022, before the in-school mask mandate was lifted.

(E.D.N.Y. 2017) (citation omitted).

The District moved to dismiss plaintiff's claim under the Separation of Powers doctrine (Fourth Cause of Action) because the District did not, and could not have, violated the doctrine. (Def. Mem. at pp. 25-26.) In opposition, Plaintiff did not even reference her Separation of Powers claim much less respond to the District's arguments. She has abandoned this claim.

Plaintiff similarly abandoned her claim under the New York State Constitution (Third Cause of Action). The District moved to dismiss this claim because Plaintiff failed to serve a notice of claim and the NYS Constitution provides no private right of action where an alternative remedy exists under federal law. (Def. Mem., pp. 24-25.) Plaintiff failed to address these arguments in her opposition, abandoning the claim.

### III. THE SUPREMACY CLAUSE CLAIM SHOULD BE DISMISSED

The Supremacy Clause claim (First Cause of Action) should be dismissed. Initially, it is moot. (*See supra* Point I.) Even if it were not moot, the claim still fails. As Your Honor already held in its October 26, 2021 decision (the "October 26 Decision"), there is no private right of action under the Supremacy Clause. *See Doe v. Franklin Square Union Free Sch. Dist.*, 2021 WL 4957893, at *20 (E.D.N.Y. Oct. 26, 2021) (quoting *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 325 (2015)), *appeal withdrawn*, No. 21-2759, 2022 WL 1316221 (2d Cir. Mar. 17, 2022). As recent as March 2022, a Southern District judge rejected an identical claim. *See Donohue v. Hochul*, No. 21-CV-8463 (JPO), 2022 WL 673636, at *8 (S.D.N.Y. Mar. 7, 2022) (rejecting plaintiff's allegation that the in-school mask mandate exceeds the terms of the Food and Drug Administration's emergency use authorization ("EUA") for masks because there is no private right of action to enforce alleged violations of the emergency use authorization itself). Plaintiff does not—and cannot—cite to any case law holding otherwise. This Court should not stray from its previous holding and should dismiss the Supremacy Clause claim.

And as argued in the District's moving papers, the Supremacy Clause claim further fails because the statutes and regulations to which Plaintiff cites do not give rise to a cause of action against the District. (Def. Mem., pp. 15-16.) While Plaintiff continues to advance her preemption argument under the FDCA and the Nuremberg Code, this Court has already flatly rejected these arguments. *See Doe*, 2021 WL 4957893, at *20. Regarding Plaintiff's allegation of a violation of the FDCA, this Court (relying on the holding in *Bridges v. Houston Methodist Hosp.*) held the claim without merit because there is no private right of action under Section 564 of the FCDA. *Id.* (citing *Bridges v. Houston Methodist Hosp.*, 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021)). There is simply no case law, binding, persuasive, or otherwise, to support Plaintiff's proposition that a face mask requirement violates the FDCA and must be voluntary for students like Sarah Doe.

As for Plaintiff's argument under the Nuremberg Code that the mask mandate violates the international norm that one cannot be coerced into medical experimentation without consent, this Court rejected that argument too calling it "an irrational leap of logic." *Id*. (citing *Bridges*, 543 F. Supp. 3d at 527. And because the mask mandate is not a clinical trial, Plaintiff's allegations that the mask mandate violates 21 C.F.R. § 50.1 fails as that statute only applies to "clinical investigations." 21 C.F.R. §§ 50.1(a), 50.3(c).

For these reasons—and for additional reasons set forth in pages 14 to 15 of the State's moving papers which the District incorporates by reference—this Court should dismiss Plaintiff's Supremacy Clause/preemption claim.

## IV. THE COURT SHOULD DISMISS THE § 1983 SUBSTANTIVE DUE PROCESS CLAIM

As more fully set forth in the District's moving papers, Plaintiff's substantive due process claim should be dismissed because: (a) her constitutional challenge is barred by the U.S. Supreme Court's Holding in *Jacobson v. Massachusetts*; (b) she fails to assert a fundamental, constitutionally protected right which bars her substantive due process claim; and (c) even if

subject to judicial scrutiny, New York's Mask Mandate, and the District's compliance with State-mandated guidelines and regulations regarding that mandate, survives rational basis review. (Def. Mem., pp. 16-24.) Plaintiff's opposition does not change this analysis. Plaintiff merely regurgitates legal arguments this Court already rejected in the October 26 Decision. There is no basis for this Court to sway from its previous holding that Plaintiff's constitutional challenge to the mask mandate is without merit.

Plaintiff's attempt to rely on the Supreme Court's holding in *Jacobson v. Commonwealth of Massachusetts* again backfires. If anything, the holding further unveils the frivolousness of Plaintiff's constitutional challenge to New York's mask mandate. While Plaintiff continues to argue the mask mandate does not hold up under a *Jacobson* standard of review, courts all over the country, including this Court and the U.S. Supreme Court itself, have held the exact opposite. (Def. Mem., pp. 18-19.) And the U.S. Supreme Court has also made clear that courts should not be second guessing the manner in which states address COVID-19 matters. (*Id.*) There can be no doubt New York's decision to impose a mask requirement in schools holds up under *Jacobson*.

Plaintiff also continues to cling to her theory that her substantive due process claims are subject to (and cannot pass) strict scrutiny. With no case law on her side, Plaintiff looks to secondary sources to try to support her "strict scrutiny" theory. Regardless of how much literature Plaintiff references, it does not change the fact that rational basis review (not strict scrutiny) applies here because Plaintiff failed to assert a fundamental, constitutionally-protected right.

Initially, Plaintiff's daughter has no constitutional right to refuse to wear a face mask. (Def. Mem, pp. 19-20.) Nor does she have a fundamental, constitutional right to receive an education. (*Id.*, pp. 20.) As for Plaintiff's assertion that her daughter has a fundamental right to informed consent and "to be free from forced medical experimentation," no such right exists in the context

of a mask mandate, which is why Plaintiff again has to resort to citing an incompatible line of abortion cases. But the holdings in those cases do not apply here for a very obvious reason: this is not an abortion case. Those cases applied strict scrutiny because the right to abortion was found "fundamental" under the Due Process Clause of the Fourteenth Amendment, *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 953 (1992). While abortion may be a fundamental right, the rights identified in the Amended Complaint are not. *Doe v. Zucker*, 2021 WL 619465, at *22. Plaintiff also cites First Amendment cases to support her "strict scrutiny" theory, (Pl. Mem., pp. 19-20), but those cases are just as incomparable as the line of abortion cases Plaintiff relies on. Unlike any of the rights identified in the Amended Complaint, First Amendment rights are considered fundamental, constitutionally protected ones and, when those rights are violated by a content-based regulation, strict scrutiny applies.

Plaintiff's reliance on "harm avoidance" and "best medical judgment" principles also fail because they do not apply to Plaintiff's particular claims. Plus, this Court rejected these same arguments in its October 26 Decision. In the context of plaintiff's "harm avoidance" theory, this Court held the *Jacobson* court rejected the notion that the Constitution requires what plaintiff calls "strict harm avoidance." *Doe*, 2021 WL 4957893, at *17. And as for plaintiff's "best medical judgment" theory, this Court rejected this argument in the context of the mask mandate on two grounds: (1) the right to independent medical judgment is part and parcel of the fundamental right to terminate pregnancy, and (2) this right applies to intimate and personal medical decisions, such as abortion, but is inapplicable to the mask mandate which is a matter of public health. *See Doe*, 2021 WL 4957893, at *17.

Plaintiff also claims the mask mandate infringed upon her daughter's right to refuse unwanted medical treatment. While Plaintiff (like any other individual) does have a

5

constitutionally-protected, fundamental right to refuse medical treatment, that right was not burdened here. This Court rejected Plaintiff's due process claim under a "right to refuse medical treatment" theory and held:

> While the Mask Mandate was obviously intended as a health measure, it no more requires a 'medical treatment' than laws requiring shoes in public places, or helmets while riding a motorcycle[.] It a true 'right to refuse treatment case, the state's interest in preserving life and the individual's right to bodily integrity implicate a single person. Like the abortion context, it is completely distinguishable from the Mask Mandate attempt to balance the competing interests of the individual and public health.

*Doe*, 2021 WL 4957893, at *17 (internal citations omitted). In her opposition papers, Plaintiff asks the Court to reconsider this position but provides the Court with no legal basis to do so. The Court's previous rejection of this claim was consistent with legal precedent; it should not be disturbed.

Plaintiff's assertion that the mask mandate violates her parental rights is also unavailing. As this Court already held, while parents do have a fundamental right to make decisions concerning the care, custody, and control of their children, these parental rights are not absolute. *See Doe*, 2021 WL 4957893, at *18. Parents "have no constitutional right to provide their children with … education unfettered by reasonable government regulation." *Donohue*, 2022 WL 673636, at *9 (quoting *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 461 (2d Cir. 1996)). Courts (including this one) have rejected parental rights claims in the context of challenging in-school mask mandates. *Id*. (collecting cases); *see also Doe*, 2021 WL 4957893, at *18.

Plaintiff claims the District's mask mandate does not survive rational basis review because it only applied to paraplegics, but this allegation is false. Neither the District nor its attorneys ever suggested the District would only grant an exemption from the mask requirement for a paraplegic

student. And that is not the case.[2] Plaintiff completely mischaracterizes the District's statements in Court. The District, through counsel, provided examples of those students who may be qualified for a mask exemption, not an exhaustive list.

Plaintiff's claim that the mask mandate is not narrowly tailored, (Pl. Mem., p. 22), is irrelevant. Although the "narrowly tailored" requirement applies to strict scrutiny, it does not apply to rational basis review. *See Ameur v. Gates*, 759 F.3d 317, 329 (4th Cir. 2014) ("[U]nder rational basis review, however, the classification need not be the most narrowly tailored means available to achieve the desired end.") (quoting *Zehner v. Trigg*, 133 F.3d 459, 463 (7th Cir. 1997)).

Plaintiff's "unconditional conditions" claim also fails for the same reason as her other constitutional claims: she has not asserted a fundamental right. Under the "unconstitutional conditions" doctrine, "the government may not place a condition on the receipt of a benefit or subsidy that infringes upon the recipient's constitutionally protected rights, even if the government has no obligation to offer the benefit in the first instance." *All. for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 651 F.3d 218, 231 (2d Cir. 2011), *aff'd sub nom. Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 570 U.S. 205, 133 S. Ct. 2321 (2013). This doctrine is only triggered when the government attempts to burden a constitutionally protected right. *See Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 606 (2013); *EklecCo NewCo LLC v. Town of Clarkstown*, No. 16-CV-6492 (NSR), 2019 WL 2210798, at *12 (S.D.N.Y. May 21, 2019).

Because Plaintiff cannot demonstrate any fundamental, constitutionally-protected rights were burdened, the "unconstitutional conditions" claim fails along with Plaintiff's other non-existent constitutional claims. And with no underlying constitutional violation, the *Monell* claim

---

[2] In fact, the District granted a partial mask exemption to one special education student who is not a paraplegic, and it granted a complete, temporary mask exemption to another student who could not wear a mask after an injury to his face required many stitches.

against the District must be dismissed. *See Morales v. City of New York*, 752 F.3d 234, 238 (2d Cir. 2014) (there can be no *Monell* claim absent an underlying constitutional violation).

V. **THE COURT SHOULD DISMISS PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIMS UNDER THE ADA AND SECTION 504 OF THE REHABILITATION ACT**

As more fully set forth in the District's moving papers, Plaintiff's failure to accommodate claims under the ADA and Section 504 of the Rehabilitation Act (Fifth and Sixth Causes of Action) are barred by Plaintiff's failure to exhaust administrative remedies. (Def. Mot. at pp. 26-30.)

"Section 1415(l) is not merely a pleading hurdle. It requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE, even if not phrased or framed in precisely that way." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755 (2017). To meet 20 U.S.C. § 1415(l), "a suit must seek relief for the denial of a FAPE [free appropriate public education], because that is the only relief the IDEA makes available." *Id.* at 752. Where the gravamen of a plaintiff's ADA and Rehabilitation claims concern the denial of a FAPE, those claims are subject to the IDEA exhaustion requirement. *Id.* (holding the exhaustion rule hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education).

The *Fry* court offered direction for determining whether the gravamen of a complaint against a school concerns the denial of a FAPE or instead addresses some other form of disability-based discrimination. Courts can ask two questions to determine this issue:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance?

*Fry*, 137 S. Ct. at 752; *see also Martinez v. New York City Dep't of Educ.*, No. 17-CV-3152 (NGG)(CLP), 2018 WL 4054872, at *5 (E.D.N.Y. Aug. 24, 2018). If the answer to both of these questions is no, the complaint is likely about the denial of a FAPE. *Id.*

Here, Plaintiff's ADA and Rehabilitation Act claims are essentially denial of FAPE claims. Plaintiff's allegations are school specific. She claims the District deprived her of her right to an education as a student with a disability by failing to accommodate her disability with a medical exemption from the mask mandate. (Ex. A, ¶¶ 310-311.) Her claim that she has been denied an education as a disabled student is uniquely tied to her status as a student within the school. Plaintiff could not bring substantially the same claims against other public facilities. The IDEA exhaustion requirement applies, and Plaintiff's failure to satisfy the requirement bars her claims.

*Patrick v. Success Acad. Charter Sch., Inc.*, 354 F. Supp. 3d 185, 228 (E.D.N.Y. 2018)—a case upon which Plaintiff relies—is distinguishable. There, the plaintiff's ADA and Rehabilitation claims "primarily concerned allegedly discriminatory suspension processes and the allegedly retaliatory calling of EMS or threats to do so." *Id.* at 228. The court found these allegations did not trigger the IDEA exhaustion requirement. *Id.* This case is factually dissimilar as it involves no allegations of discriminatory or retaliatory disciplinary action.

Even if not barred by the exhaustion requirement, Plaintiff's failure to accommodate claim still fails because Plaintiff concedes in her opposition papers that the District provided her daughter with an effective accommodation when it granted her request to wear a mesh mask. (Pl. Mem. at p. 7; p. 30, n. 13.) This mandates dismissal of the failure to accommodate claim. *See A.M. ex rel. J.M. v. NYC Dep't of Educ.*, 840 F. Supp. 2d 660, 680 (E.D.N.Y. 2012) ("[W]here alternative reasonable accommodation to allow for 'meaningful access' are offered or already in place, a Section 504 reasonable accommodations claim must fail.") (collecting cases), *aff'd sub nom. Moody ex rel. J.M. v. NYC Dep't of Educ.*, 513 F. App'x 95 (2d Cir. 2013).

## VI. THE COURT SHOULD DISMISS PLAINTIFF'S NYSHRL CLAIMS BASED ON HER FAILURE TO SERVE A NOTICE OF CLAIM

Plaintiff's NYSHRL claim is barred by her failure to serve a notice of claim. (Def. Mem., p. 30.) Plaintiff cites *Caputo v. Copiague Union Free Sch. Dist.* to support her proposition that the notice of claim requirement should not apply to her NYSHRL claim against the District, but courts in this Circuit have rejected this argument. *See Bertuzzi v. Copiague Union Free Sch. Dist.*, 2020 WL 5899949, at *20 (E.D.N.Y. Mar. 9, 2020), *report and recommendation adopted as modified,* 2020 WL 3989493 (E.D.N.Y. July 15, 2020); *Peterson v. New York City Dep't of Educ.*, No. 18-CV-1515 (ILG), 2020 WL 2559835, at *11, n. 20 (E.D.N.Y. May 20, 2020); *Peritz v. Nassau Cnty. Bd. of Coop. Educ. Servs.*, 2019 WL 2410816, at *2 (E.D.N.Y. June 7, 2019) (collecting cases). Specifically, these courts held even if NYSHRL claims are not subject to the notice of claim requirement set forth in Education Law § 3813(2), which applies to tort claims, a notice of claim is still required under Education Law § 3813(1) which applies to all actions, not just tort actions. *Id.* Under this precedent, Plaintiff's NYSHRL claim should be dismissed.

Dated: Carle Place, New York
       May 12, 2022

                                  **SOKOLOFF STERN LLP**
                                  *Attorneys for Defendant*
                                  *Franklin Square UFSD*

                           By:   ADAM I. KLEINBERG
                                CHELSEA WEISBORD