UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
JANE DOE on behalf of herself and her
minor child, SARAH DOE,

                Plaintiff,

   -against-

FRANKLIN SQUARE UNION FREE
SCHOOL DISTRICT, and JAMES V.
MCDONALD, in his official capacity as
Commissioner of the New York State
Department of Health

                Defendants.

**MEMORANDUM AND ORDER**

Case No. 2:21-CV-5012-FB-SIL

*Appearances:*
*For the Plaintiff*:
SUJATA S. GIBSON
Gibson Law Firm, PLLC
832 Hanshaw Rd., Suite A
Ithaca, New York 14850

*For the Defendants*:
ADAM I. KLEINBERG
CHELSEA ELLA WEISBORD
Sokoloff Stern LLP
179 Westbury Avenue
Carle Place, New York 11514

TODD ALAN SPIEGELMAN
NYS Attorney General's Office
120 Broadway, 24th Floor
New York, New York 10271

**BLOCK, Senior District Judge:**

      Plaintiff Jane Doe ("Plaintiff" or "Doe") brings this action on behalf of herself and her minor daughter, Sarah Doe, against defendants Franklin Square Union Free School District (the "School District") and the Commissioner of the

1

New York State Department of Health in his official capacity[1] (the "Commissioner" and together, "Defendants"). Doe alleges that the Commissioner's regulation requiring New York State's school students to wear masks (the "Mask Mandate") violates their constitutional rights. She also alleges violations of the New York State Constitution, the Americans with Disabilities Act, ("ADA"), the Rehabilitation Act of 1973, and the New York State Human Rights Law ("NYS HRL"). Defendants have moved to dismiss Doe's amended complaint under Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 12(b)(1). For the reasons that follow, Defendants' motions are granted.

## I.   FACTS

The Court relayed the facts of this case in its October 26, 2021 Memorandum and Order denying Doe's motion for a preliminary injunction (the "M&O"). The Court assumes the parties' familiarity with those facts and incorporates them herein by reference.

Less than one week after the Court issued the M&O, the parties represented that they had come to an agreement regarding a reasonable accommodation for Sarah Doe. Plaintiff subsequently amended her complaint to add claims for a violation of the ADA, the Rehabilitation Act, and NYS HRL. Significantly, the

---

[1] James V. McDonald replaced Mary T. Bassett as Commissioner and is automatically substituted as a party. Fed. R. Civ. P. 25(d)

2

Mask Mandate was lifted as of March 2, 2022, and as of February 9, 2023, the Commissioner announced that he would not seek reissuance of 10 NYCRR § 2.60 ("Section 2.60"), the emergency regulation underlying the Mask Mandate. As of February 12, 2023, Section 2.60 expired.

Defendants now move to dismiss the amended complaint. For the purposes of this motion, the Court accepts the facts that Doe alleges in her amended complaint as true and draws all reasonable inferences in her favor. *See, e.g.*, *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019).

## II. LEGAL STANDARDS

### a. Rule 12(b)(6)

"To survive a motion to dismiss [under FRCP 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

b.  Rule 12(b)(1)

"Rule 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists . . ." *Salvani v. ADVFN PLC*, 50 F. Supp. 3d 456, 468 (S.D.N.Y. 2014). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). Courts must accept all material factual allegations as true in evaluating a 12(b)(1) motion, but unlike with a 12(b)(2) motion, does not draw inferences in favor of the plaintiff. *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

### III.  ANALYSIS

The Court now turns to Defendants' motions to dismiss the amended complaint.

a.  Declaratory and Injunctive Relief – Counts I and IV

Since the Mask Mandate is no longer in effect and Section 2.60 has lapsed, Doe's amended complaint is moot insofar as it requests declaratory and injunctive relief.

Under Article III of the Constitution, the Court's jurisdiction is limited to justiciable "cases and controversies," *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016), and may not render mere advisory opinions on issues which are moot. *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993). "A case becomes moot . . . when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016). "[T]o obtain declaratory relief, a plaintiff must show 'how [she] will be injured prospectively and that the injury would be prevented by the equitable relief sought.'" *Pinckney v. Carroll*, No. 18-CV-12198, 2019 WL 6619484, at n. 3 (S.D.N.Y. Dec. 4, 2019) (quoting *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012)). Similarly, to establish standing to obtain injunctive relief, plaintiffs must demonstrate a non-speculative risk of continuing or future irreparable injury in the absence of such an order. *See Id*. at *4 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

Voluntary cessation of the Mask Mandate does not undermine a finding of mootness. Only when a plaintiff is "under a constant threat" of a challenged practice being reinstated is declaratory or injunctive relief not rendered moot by a cessation of the practice in question. *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020). To defeat Doe's claim that she is under constant threat of the Mask Mandate's reimposition, Defendants must show that "the

possibility of recurrence is merely speculative." *Dark Storm Indus. LLC v. Hochul*, No. 20-CV-2725, 2021 WL 4538640, at *1 (2d Cir. Oct. 5, 2021). The Court joins its peers in this Circuit which consistently have found that the threat of COVID-19 measures being reimposed is merely speculative. *See Mongielo v. Hochul*, No. 22-CV-116, 2023 WL 2307887, at *9 (W.D.N.Y. Mar. 1, 2023) (holding that plaintiffs' claims seeking declaratory and injunctive relief regarding the school mask mandate were moot: "Given the current state of the pandemic . . . there is no reasonable threat—let alone a constant threat—that the mandate will be reimposed."); *see also Dark Storm Indus. LLC*, 2021 WL 4538640, at *1 (2d Cir. 2021); *Nat'l Rifle Ass'n of Am. v. Hochul*, No. 20-CV-3187, 2021 WL 5313713, at *1 (2d Cir. 2021); *Lebovits v. Cuomo*, No. 20-CV-1284, 2022 WL 344269, at *3 (N.D.N.Y. Feb. 4, 2022). Therefore, Doe's amended complaint is moot insofar as it seeks declaratory and injunctive relief. Count one, which seeks a declaratory judgment for violation of the Supremacy Clause, and count four, which seeks a declaration that the Mask Mandate is unconstitutional, are dismissed since they state no cognizable claim beyond declaratory and injunctive relief.

### b. Substantive Due Process Claim – Count II

Count two alleges a substantive due process claim for the alleged violation of Doe's right to refuse medical interventions that place her child at risk of harm. For the reasons explained at length in the Court's M&O denying Doe's request for

a preliminary injunction, the facts Doe alleged do not implicate any substantive due process violation. There is no fundamental right to receive an education. *See Smith v. Guilford Bd. of Educ.*, 226 F. App'x 58, 61 (2d Cir. 2007); *Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 339 (E.D.N.Y. 2014). Nor is there a fundamental right to refuse to wear a mask or to receive a medical exemption from wearing a mask. *See, e.g.*, *Doe v. Zucker*, 520 F. Supp. 3d 217, 251 (N.D.N.Y. Feb 17, 2021) (holding that there is no fundamental right to a medical exemption to the state's vaccine requirement for children to attend public school); *Klaassen v. Trs. Of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021); *Denis v. Ige*, No. 21-CV-00011, 2021 WL 3892657, at *8 (D. Haw. Aug 31, 2021); *Forbes v. Cnty. of San Diego*, No. 20-CV-00998, 2021 WL 843175, at *5 (S.D. Cal. Mar. 4, 2021); *Oberheim v. Bason*, No. 21-CV-01566, 2021 WL 4478333, at *7 (M.D. Pa. Sept. 30, 2021); *Young v. James*, 2020 WL 6572798, at *3 (S.D.N.Y. Oct. 26, 2020). The Mask Mandate also does not implicate the fundamental right of parents to direct the care and upbringing of their children. *See Zucker*, 520 F. Supp. 3d at 250-51 (holding that the school vaccine mandate did not interfere with a parent's fundamental rights even when refusing to comply meant barring their children from attending school). Having failed to identify the implication of any constitutional right or

7

violation thereof, Doe fails to state a claim as to her second count and accordingly it is dismissed.

### c. Abandoned Claim – Count III

Doe failed to respond to Defendants' motions to dismiss as they pertain to count three, her New York State claim for violation of her right to refuse unwanted medical treatment. Courts "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008) (quoting *Lipton v. Cnty. of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004)). Therefore, count three of Doe's amended complaint is deemed abandoned.

### d. ADA, Rehabilitation Act, and NYS HRL Claims – Counts V, VI, and VII

In counts five and six, Doe alleges violations of Title II of the ADA, 42 U.S.C. § 12101 et seq., and § 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq., against all defendants for failing to reasonably accommodate her daughter's alleged disability.

Claims brought under Title II of the ADA and § 504 of the Rehabilitation Act are considered together, since the two statutes are nearly identical. *See McElwee v. Cnty. of Orange*, 700 F. 3d 635, 640 (2d Cir. 2012). Under either, Doe must show that "(1) [her daughter] is a qualified individual with a disability; (2) the defendant is subject to one of the Acts; and (3) [her daughter] was denied

8

the opportunity to participate in or benefit from the defendant's services, programs, or activities." *Id*. Under either statute, a defendant's failure to make a reasonable accommodation to allow a disabled plaintiff to access the public service in question is considered discrimination. *Id*.

By November 3, 2021, the School District had already provided Sarah Doe with an accommodation deemed acceptable by all parties, which was to wear a mesh mask. Plaintiff's amended complaint specifically seeks the accommodation of not wearing a mask at all. However, plaintiffs are not entitled to the accommodation of their unilateral preference—they are only entitled to a reasonable one. Insofar as Doe seeks this accommodation or any remedy from the point at which the accommodation was established onward, her ADA and Rehabilitation Act claims must be dismissed. *See A.M. ex rel. J.M. v. NYC Dep't of Educ.*, 840 F. Supp. 2d 660, 680 (E.D.N.Y. 2012) ("[W]here alternative reasonable accommodations to allow for 'meaningful access' are offered or already in place, a Section 504 reasonable accommodations claim must fail.") (quoting *Henrietta D. v. Bloomberg*, 331 F. 3d 261, 282 (2d Cir. 2003))).

Therefore, what remains of counts five and six is any part of the failure to accommodate claims prior to the time when the accommodation for Doe's daughter was established. The remainder of these claims fail because Doe did not exhaust her administrative remedies. Claims brought under the ADA and

9

Rehabilitation Act are subject to the exhaustion requirements of the Individuals with Disabilities Education Act ("IDEA") when they seek relief that would also be available under IDEA. *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755 (2017). Because the gravamen of Doe's suit is the denial of free appropriate public education, the IDEA exhaustion requirement applies to her ADA and Rehabilitation Act claims. *Id*. She plainly failed to seek any administrative remedy, and accordingly these claims are dismissed. *See Martinez v. New York City Dep't of Educ.*, No. 17-CV-3152, 2018 WL 4054872, at *5 (E.D.N.Y. Aug. 24, 2018) (holding that IDEA's exhaustion requirements applied to plaintiff's failure to accommodate claims brought under the ADA and Rehabilitation Act); *see also S.G. v. Success Acad. Charter Sch., Inc.*, No. 18-CV-2484, 2019 WL 1284280, at *10 (S.D.N.Y. Mar. 20, 2019) (finding that the IDEA exhaustion requirement applied to plaintiff's failure to accommodate claims because they "are properly classified as complaints about the adequacy of educational services," therefore "based on the denial of a FAPE" which placed them "within the scope of the IDEA.").

Finally, count seven, which alleges an NYS HRL claim against the School District, is dismissed because Doe failed to satisfy her requirement to file a notice of the claim. To file an action against a school district, plaintiffs must serve a notice of claim. N.Y. Educ. Law § 3813(1). A plaintiff's failure to do so deprives

the Court of subject matter jurisdiction. *See, e.g., Gloria E. Johns-Khan v. Westbury Board of Education - Pless Dickerson*, No. 21-CV-3908, 2022 WL 280646, at *8 (E.D.N.Y. Jan. 31, 2022); *Bertuzzi v. Copiague Union Free Sch. Dist.*, No. 17-CV-4256, 2020 WL 5899949, at *20 (E.D.N.Y. Mar. 9, 2020), *report and recommendation adopted as modified*, 2020 WL 3989493 (E.D.N.Y. July 15, 2020); *Peritz v. Nassau Cnty. Bd. of Coop. Educ. Servs.,* No. 16-CV-5478, 2019 WL 2410816, at *2 (E.D.N.Y. June 7, 2019). Accordingly, this claim is dismissed.

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss are **GRANTED**. All claims are dismissed and the Clerk of Court is directed to close this case.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　_/S/ Frederic Block_____
　　　　　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
March 24, 2023

11