UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE on behalf of herself and her minor child SARAH DOE,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>FRANKLIN SQUARE UNION FREE SCHOOL DISTRICT,<br><br>　　　　　　　Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 2:21-cv-05012 (FB) (SIL) |

*Appearances:*
*For the Plaintiff:*
SUJATA SIDHU GIBSON
Gibson Law Firm, PLLC
832 Hanshaw Rd, Suite A
Ithaca, NY 14850

CHAD A. DAVENPORT
Davenport Law PLLC
6384 Deanna Drive
Hamburg, NY 14075

*For the Defendant:*
CHELSEA ELLA WEISBORD
DANIELLE LAUREN JACOBS
Sokoloff Stern LLP
179 Westbury Avenue
Carle Place, NY 11514

**BLOCK, Senior District Judge:**

　　Plaintiff Jane Doe moves for reconsideration of the Court's memorandum and order dismissing her 42 U.S.C. § 1983 substantive due process claim against defendant Franklin Square Union Free School District (the "District"). For the following reasons, Plaintiff's motion is DENIED.

I.

During the height of the COVID-19 pandemic, the Commissioner of the New York State Department of Health implemented a regulation requiring preschool through 12th grade students and staff to wear masks. *Doe v. Franklin Square Union Free Sch. Dist.*, 100 F.4th 86, 90 (2d Cir. 2024).[1] Plaintiff's daughter Sarah Doe attended a school in the District and suffers from asthma. Plaintiff alleges that masking aggravated Sarah's asthmas, and that she had attempted to get Sarah an exemption from the mask mandate or other accommodation. When these efforts were ultimately unsuccessful, Plaintiff initiated the current action, alleging that the District violated the Due Process Clause of the Fourteenth Amendment, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act by refusing to grant Sarah an accommodation from the mask mandate. *Id*. at 90–92.

The District moved to dismiss the complaint, and this Court granted its motion. Concerning Plaintiff's § 1983 due process claim, this Court concluded that Plaintiff failed to plausibly allege a substantive due process violation because her claims did not implicate a fundamental right. *Doe v. Franklin Square Union Free Sch. Dist.*, No. 2:21-CV-5012-FB-SIL, 2023 WL 2632512, at *3 (E.D.N.Y. Mar. 24, 2023). This Court determined that there was no fundamental right to refuse to

---

[1] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

wear a mask or to receive an exemption from a mask mandate, and that the mask mandate did not implicate the fundamental right of parents to direct the care and upbringing of their children. *Id*.

On appeal, the Second Circuit affirmed the dismissal of Plaintiff's § 1983 claim. *Doe*, 100 F.4th at 90. The Second Circuit addressed Plaintiff's arguments that the mask mandate infringed on three fundamental rights: "(1) the right to a medical exemption deriving from the right to self-preservation, (2) the right to refuse medical treatment, and (3) the parental right to make medical decisions for one's own children." *Id*. at 95.

Concerning the right to an exemption, the court concluded that the mask mandate *did* provide for exemptions, but that "there is no fundamental right to a medical exemption based exclusively on the recommendation of a plaintiff's physician." *Id*. at 96. Concerning the right to refuse medical treatment, the court concluded that the mask mandate "no more requires a 'medical treatment' than laws requiring shoes in public places or helmets while riding a motorcycle." *Id*. Finally, concerning the right to make medical decisions for one's child, the court explained that the "Supreme Court has recognized the fundamental right of parents to make decisions concerning the care, custody, and control of their children, but parents have no constitutional right to provide their children with education

3

unfettered by *reasonable* government regulation." *Id*. at 98. The court thus concluded:

> Doe has not identified, and the Court is not aware of, any cases standing for the proposition that school masking requirements violate the right of parents to raise their children. Although parents possess the right to make decisions regarding the upbringing of their children, *see Troxel*, 530 U.S. at 66, Doe has not shown that any such right is infringed by a school district denying a medical exemption from a public health measure based solely on the recommendation of a child's physician.

*Id*.

The Second Circuit did, however, revive Plaintiff's other claims under the Americans with Disability Act and the Rehabilitation Act and the parties have been proceeding forward with discovery related to those claims. Now, notwithstanding the Second Circuit's affirmance of the dismissal of Plaintiff's § 1983 claim, Plaintiff asks this Court to reconsider the dismissal of that claim.

## II.

Plaintiff moves for reconsideration on the ground that the Supreme Court's decision in *Mahmoud v. Taylor*, 145 S. Ct. 2332 (2025) constitutes a significant intervening change in controlling law which necessitates reviving her claim.[2] *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.

---

[2] Local Civil Rule 6.3 directs a party to file a notice of motion for reconsideration "within fourteen (14) days after the entry of the Court's determination of the original motion." Plaintiff's motion was filed long after this deadline had passed, but because Plaintiff filed her notice within fourteen days of the decision which she contends is an intervening change in controlling law, the Court considers her motion to be timely. *See In re Mexican Gov't Bonds Antitrust Litig., No. 18-CV-2830 (JPO)*, 2022 U.S. Dist. LEXIS 58972, at *10 (S.D.N.Y. Mar. 30, 2022).

4

1992) (Grounds justifying reconsideration include "an intervening change of controlling law[.]"). This Court is not persuaded.

*Mahmoud*, 145 S. Ct. at 2341, concerned a Montgomery County, Maryland Board of Education (the "Board") curriculum and policy. The Board had introduced various LGBTQ+-inclusive texts into its elementary school curriculum. *Id*. The Board had initially allowed parents to opt their children out of accompanying lessons, but then changed that policy to deny any opt-out requests. *Id*. at 2342. Several parents sued, contending that the inclusion of LGBTQ+-inclusive texts along with a policy of denying opt-out requests violated their right to the free exercise of religion. *Id*. at 2349. The Supreme Court agreed, holding, "A government burdens the religious exercise of parents when it requires them to submit their children to instruction that poses a very real threat of undermining the religious beliefs and practices that the parents wish to instill." *Id*. at 2342.

As the foregoing discussion makes clear, *Mahmoud* is not relevant to the case before this Court. *Mahmoud* concerned the free exercise clause and whether certain mandatory instruction unconstitutionally infringed on religious rights. In contrast, Plaintiff is seeking to bring a § 1983 claim alleging a violation of her Fourteenth Amendment substantive due process rights. Plaintiff cites language from *Mahmoud* out of context to make it appear as if it applies to her claim when,

5

in fact, the Supreme Court wrote specifically about the free exercise clause, not any and all claimed parental rights. *See id*. at 2363–64.

Even if *Mahmoud* encompassed a broader array of parental rights, this Court concluded, and the Second Circuit agreed, that the District's masking policy and the denial of an exemption did not implicate a fundamental right. *Doe*, 100 F.4th at 98. Thus, even under Plaintiff's broader reading of *Mahmoud*, her motion would still fail because she "has not shown that the School District infringed any of Sarah's or Doe's fundamental rights by denying Sarah a medical exemption to the mask mandate." *Id*.

The rest of Plaintiff's motion attempts to relitigate arguments raised and addressed, or which should have been raised, during litigation over the original motion to dismiss. Because this Court concludes that *Mahmoud* is not an intervening change of controlling law, the Court will not consider Plaintiff's other arguments concerning her properly denied motion to dismiss. *See Sequa Corp. v. Gbj Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'").

6

## III.

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

**SO ORDERED.**

                                                  /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
September 25, 2025